SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------X
RAUL LABIT,

        Plaintiff,

   -against-

DUANE READE INC.,

        Defendant.
----------------------------------------X

Index No.:
Date Filed:
**SUMMONS**

Plaintiff designates
Bronx County as the
Place of trial

Basis of Venue:
Plaintiff's Residence
1056 Boston Road
Bronx, NY 10456

**To the above named Defendants:**

  **YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice of appearance on plaintiff's attorneys within 20 days after service of this summons, exclusive of the day of service, or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
    October 8, 2018

           THE SULLIVAN LAW FIRM

       By: _____
           Timothy M. Sullivan, Esq.
           Attorneys for Plaintiff
           217 Broadway, Suite 500
           New York, New York 10007
           (212) 566-8860

TO: DUANE READE INC.
   (Via Secretary of State)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------X
RAUL LABIT,   Index No.:

                  Plaintiff,

                      **VERIFIED COMPLAINT**

    -against-

DUANE READE INC.,

                  Defendants.
----------------------------------------X

    Plaintiff, by his attorney, TIMOTHY M. SULLIVAN, ESQ., complaining of defendant, respectfully alleges, upon information and belief, as follows:

    1.    At the time of the commencement of this action, Plaintiff was and still is a resident of the State of New York, County of Bronx.

    2.    The cause of action herein alleged arose in the State of New York, County of New York.

    3.    That this action falls within one or more of the exemptions set forth in CPLR §1602.

    4.    That at all times hereinafter mentioned, Defendant DUANE READE INC. was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

    5.    That at all times herein mentioned, Defendant DUANE READE INC. was and still is a business organization authorized to conduct business in the State of New York.

    6.    That at all times herein mentioned, Defendant DUANE

READE INC. was and still is a foreign corporation authorized to conduct business in the State of New York.

7. That at all times herein mentioned, Defendant DUANE READE INC. was and still is the owner of the premises located at 721 9th Avenue, New York, New York.

8. That all times herein mentioned, Defendant DUANE READE INC. maintained the premises located at 721 9th Avenue, New York, New York on July 30, 2018.

9. That all times herein mentioned, Defendant DUANE READE INC. managed the premises located at 721 9th Avenue, New York, New York on July 30, 2018.

10. That at all times herein mentioned, Defendant DUANE READE INC. controlled the premises located at 721 9th Avenue, New York, New York on July 30, 2018.

11. That on or about July 30, 2018, plaintiff was lawfully on the aforesaid premises, known as, 721 9th Avenue, New York, New York.

12. That on or about July 30, 2018, plaintiff was lawfully on the aforesaid premises with the knowledge, permission and consent of the owner or owners.

13. That on or about July 30, 2018, while plaintiff was lawfully on the aforesaid premises, plaintiff was caused to trip and/or slip and fall and sustained and permanent injuries.

14. The above mentioned occurrence and the results thereof were caused by the joint, several and concurrent negligence of

the defendants and/or said defendant's servants, agents, employees and/or licensees in the operation, management, maintenance and control of the aforesaid premises in causing, allowing and permitting said premises at the place above mentioned to be, become and remain for a period of time after notice, either actual or constructive, in a dangerous and/or hazardous condition; in causing, allowing and permitting a trap to exist at said location; in failing to maintain the aforesaid premises in a reasonably safe and proper condition; in causing, allowing and permitting an obstruction to plaintiff's safe passage at said location; in failing to provide plaintiff with safe and proper ingress and egress on the premises; in causing, allowing and permitting the existence of a slippery and debris strewn on the premises to interfere with and prevent plaintiff's safe passage; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons lawfully on said premises; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in said dangerous condition; in failing to give plaintiff adequate and timely signal, notice or warning of said condition; in negligently and carelessly causing and permitting the above said premises to be and remain in said condition for an unreasonably length of time, resulting in a hazard to the plaintiff and others; in failing to take suitable and proper precautions for the safety of persons on

and using said premises; and in being otherwise negligent, careless and reckless in the occurrence.

15. That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

16. That because of the above stated premises, plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries plaintiff was caused and will continue to be caused to incur expenses for medical care and attention; and plaintiff was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

17. That as a result of the foregoing, plaintiff was damaged in a sum exceeding all jurisdictional limits of all lower court.

**WHEREFORE**, plaintiff demands judgment against the defendants together with the interest, costs and disbursements of this action.

Dated:   New York, New York
         October 8, 2018

                                    THE SULLIVAN LAW FIRM

                              By:   _____
                                    Timothy M. Sullivan, Esq.
                                    Attorneys for Plaintiffs
                                    217 Broadway, Suite 500
                                    New York, New York 10007
                                    (212) 566-8860

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
) SS:
COUNTY OF NEW YORK )

I, the undersigned, an attorney duly admitted to practice law in the Courts of New York, state under the penalty of perjury that I am the attorney for plaintiff in the action herein, I have read the annexed

### SUMMONS AND VERIFIED COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My believe as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. The reason this verification is made by me and not by my client is that my client does not presently reside in the County where I maintain my offices.

Dated:   New York, New York
         October 8, 2018

                                                    TIMOTHY M. SULLIVAN

Labit, Raul S&C.wpd